| | |
|---|---|
| 1 | BRUCE G. VANYO (SBN 60134) |
| | bruce.vanyo@kattenlaw.com |
| 2 | RICHARD H. ZELICHOV (SBN 193858) |
| | richard.zelichov@kattenlaw.com |
| 3 | MARISA G. WESTERVELT (SBN 217172) |
| | marisa.westervelt@kattenlaw.com |
| 4 | KATTEN MUCHIN ROSENMAN LLP |
| | 2029 Century Park East, Suite 2600 |
| 5 | Los Angeles, CA 90067-3012 |
| | Telephone: (310) 788-4400 |
| 6 | Facsimile: (310) 788-4471 |
| 7 | Attorneys for Defendants JONATHAN MORGAN and TRUMAN COLE |

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| In re: | ) | MASTER FILE NO.: C-04-3585 MJJ |
| | ) | |
| FIRST VIRTUAL COMMUNICATIONS, INC. | ) | **STIPULATION AND** [PROPOSED] |
| SECURITIES LITIGATION. | ) | **PROTECTIVE ORDER** |
| | ) | |
| | ) | <u>CLASS ACTION</u> |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| ALL ACTIONS. | ) | |
| | ) | |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
MASTER FILE NO. C-04-3585 MJJ
31350794
LAX01_31360298_4_336186_00001

Dockets.Justia.com

Defendants Jonathan Morgan and Truman Cole ("Defendants") and Lead Plaintiff Garry Crabtree (collectively the "parties") respectfully submit this Stipulation and [Proposed] Protective Order.

WHEREAS, the parties reached an agreement in principle to resolve this case at a mediation before the Honorable Daniel Weinstein on February 28, 2007 ("the "Agreement in Principle");

WHEREAS, Defendants intend to produce certain documents to Lead Plaintiff's counsel as part of the Agreement in Principle in order to permit Lead Plaintiff's counsel to conduct further due diligence with respect to the settlement contemplated by the Agreement in Principle;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Defendants and Lead Plaintiff, that:

I. This Stipulation and [Proposed] Order applies only to the discovery between Defendants and Lead Plaintiff specifically contemplated as part of the Agreement in Principle. This discovery is limited to that necessary to permit Lead Plaintiff's counsel to conduct further due diligence with respect to the settlement contemplated by the Agreement in Principle. If the Settlement does not receive final court approval or does not become effective for any reason, confidentiality rules covering pretrial discovery and other proceedings will be set forth in a separate stipulation to be drafted by Defendants and Lead Plaintiff and submitted to the Court.

II. **All information and documents produced by Defendants or made available for inspection by Defendants under this Stipulation and [Proposed] Protective Order (the "Information") shall be used by a party other than Defendants solely for the purposes of facilitating the further due diligence contemplated by the Agreement in Principle, and for no other proceeding or propose**. Except by Court order, all materials produced by Defendants or made available for inspection by Defendants under this Stipulation and [Proposed] Protective Order may not be disclosed, divulged, revealed, described, transmitted, or otherwise communicated to any person other than:

    A.    The Court and court personnel, if reasonably necessary to support a party's filing in this litigation;

     B.     Outside counsel for Lead Plaintiff and employees of said counsel who are working directly on this litigation and to whom it is necessary that the material be disclosed for purposes of the Settlement.

     C.     Any person designated by Order of the Court or by agreement of Defendants, provided that each such person shall execute a copy of the Certification annexed to this Order before being shown or given Information.

     D.     Lead Plaintiff, provided that each such person shall execute a copy of the Certification annexed to this Order before being shown or given Information.

III. Persons permitted access to Information, as provided above, shall not disclose such material or information contained therein, except to other persons who have been permitted access to said material or information under the terms of this Order. Persons permitted access to Information, as provided above, shall not use such documents or information other than in connection with facilitating further due diligence with respect to the Settlement. Counsel shall inform each person to whom they disclose or give access to Information the terms of this Order as well as the obligation to comply with these terms. As indicated above, each person, other than persons identified in sub-paragraphs (A) or (B) of Paragraph II above, who is given access to Information shall also sign a copy of the Certification of Consent to Protective Order annexed hereto, which is an acknowledgement by such person that he or she is subject to the jurisdiction of this Court for the purpose of enforcing this Order. All certifications signed by persons receiving Information shall be maintained by counsel who provided the Information to such persons and shall not be subject to disclosure except by Court order or agreement.

IV. Affidavits, declarations, and other documents containing Information shall be filed with the Court under seal in an envelope marked "Filed Under Seal Pursuant to Court Order" and bearing the caption of the case and title of the brief, affidavit, or other document, with two copies of such version marked "Judge's Copy" simultaneously furnished under seal in a similarly labeled envelope. Notwithstanding the forgoing, nothing contained in this paragraph shall require Lead Plaintiff to file any motions and/or supporting memoranda (as opposed to exhibits referenced in those motions and

memoranda) in support of preliminary approval, final approval, or for attorneys' fees or otherwise under seal, provided that such motions and/or supporting memoranda only paraphrase and do not quote directly from the Information.

V. Production of documents and things for the purpose of inspection and copying shall not constitute a waiver of confidentiality.

VI. Nothing in this Order shall be construed in any way as a finding that the Information does or does not constitute or contain confidential, proprietary information or trade secrets.

VII. Nothing in this Order shall be construed to affect either the discoverability or admissibility at trial of any Information, nor shall any party's agreement to be bound by the terms of this Order be deemed to waive its right to object to the production or admission of any information or material on appropriate grounds. Nothing in this Order shall expand or diminish Defendants' right to contend in any other proceeding that Information produced herein is nonetheless proprietary and subject to the appropriate protection under the applicable law.

VIII. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege if, as soon as reasonably possible after Defendants become aware of any inadvertent or unintentional disclosure, Defendants designate any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege and requests return of such documents. Upon request by Defendants, the receiving party immediately shall return all copies of such inadvertently produced document(s) and confirm the same in writing. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a written challenge to the Court.

IX. The inadvertent or unintentional disclosure by Defendants of Information shall not be deemed a waiver in whole or in part of Defendants' claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as reasonably possible after Defendants become aware of any inadvertent or

unintentional disclosure, Defendants shall notify the receiving party in writing that the Information was inadvertently or unintentionally disclosed. Following notification, counsel for the parties shall cooperate to restore the confidentiality of the inadvertently disclosed information.

X. All Information shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Order, shall be disclosed only to persons described in paragraph II above, shall be used for the sole purpose of facilitating due diligence with respect to the Settlement, and shall not be used for any business, competitive, governmental or any other purpose or function.

XI. If at any time any Information governed by this Order is subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require such production of such information, the person to whom the subpoena is directed shall immediately give written notice thereof to Defendants. After receipt of the notice specified under this paragraph, Defendants shall have the sole responsibility for obtaining any agreement or order it believes necessary to prevent disclosure of Information. Unless a court orders otherwise, the person to whom the subpoena is directed shall not produce any Information until Defendants have had a reasonable opportunity to seek an appropriate order. If Defendants do not move for a protective order within the time allowed for production by the subpoena (or within such time as the court may direct or as may be agreed upon between Defendants and the subpoenaing party) and give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto. The person to whom the subpoena is directed shall not produce any Information while a motion for protective order brought pursuant to this paragraph is pending, or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.

XII. If the Settlement does not get finally approved or does not otherwise become effective for any reason, all documents produced pursuant to this Order, including all Information and all derivative materials thereof, shall be promptly returned to Defendants or shall be destroyed. Counsel and other affected persons shall provide Defendants written confirmation of destruction

5
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
MASTER FILE NO. C-04-3585 MJJ
31350794
LAX01_31360298_4_336186_00001

within sixty (60) days after receiving a request for the destruction or return of any document from Defendants. This section shall not be construed to require the return or destruction of any document filed or lodged with the Court and exhibits thereto, pleading files, attorney work product created for any party, or paraphrased by Lead Plaintiff's Counsel pursuant to paragraph IV. Nothing in this Order shall be deemed to waive a party's right to request the production of documents as permitted by applicable law if the Settlement does not get finally approved or does not otherwise become effective for any reason.

XIII. Any party to this Order may apply to the Court at any time for modification of this Order.

XIV. This Order shall remain in force and effect until modified, superseded, or terminated by order of the Court. The provisions of this Order shall continue to be binding upon the conclusion of this action. This court shall retain jurisdiction over the parties and all persons who agree to be bound by this Order for the purpose of enforcement of the provisions of this Order following the conclusion of this action.

Respectfully submitted,

Dated: March 13, 2007                    KATTEN MUCHIN ROSENMAN LLP


                                         By: _____/s/_____
                                              Richard H. Zelichov

                                         Bruce G. Vanyo
                                         Richard H. Zelichov
                                         Marisa G. Westervelt
                                         2029 Century Park East, Suite 2600
                                         Los Angeles, CA  90067
                                         Telephone:  (310) 788-4400
                                         Facsimile:   (310) 788-4471
                                         bruce.vanyo@kattenlaw.com
                                         richard.zelichov@kattenlaw.com
                                         marisa.westervelt@kattenlaw.com

                                         Attorneys for Defendants
                                         JONATHAN MORGAN and TRUMAN COLE

| | | |
|---|---|---|
| 1 | Dated: March 13, 2007 | SCHATZ NOBEL IZARD, P.C. |
| 2 | | |
| 3 | | By: _____/s/_____ |
| 4 | | Jeffrey S. Nobel |
| 5 | | Andrew M. Schatz<br>Jeffrey S. Nobel |
| 6 | | One Corporate Center<br>20 Church Street, Suite 1700 |
| 7 | | Hartford, CT 06103<br>Telephone: (860) 493-6292 |
| 8 | | Facsimile: (860) 493-6290<br>firm@snlaw.net |
| 9 | | BRAMSON, BASKIN, PLUTZIK & |
| 10 | | BIRKHAEUSER, LLP<br>Alan R. Plutzik |
| 11 | | Kathryn A. Schofield<br>2125 Oak Grove Road, Suite 120 |
| 12 | | Walnut Creek, CA 94598<br>Telephone: (925) 945-0200 |
| 13 | | Facsimile: (925) 945-8792<br>aplutzik@bramsonplutzik.com |
| 14 | | kschofield@bramsonplutzik.com |
| 15 | | Attorneys for Lead Plaintiff GARRY CRABTREE |
| 16 | \*   \*   \*   \* | |

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Richard H. Zelichov, am the ECF User whose identification and password are being used to file this STIPULATION AND [PROPOSED] ORDER RESCHEDULING THE HEARING ON DEFENDANTS' MOTION TO DISMISS. I hereby attest that concurrence in the filing of this document has been obtained from the other signatory.

| | | |
|---|---|---|
| 22 | Dated: March 13, 2007 | KATTEN MUCHIN ROSENMAN LLP |
| 23 | | |
| 24 | | By: _____/s/_____ |
| 25 | | Richard H. Zelichov |
| 26 | | Attorneys for Defendants JONATHAN MORGAN and TRUMAN COLE |

7
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
MASTER FILE NO. C-04-3585 MJJ
31350794

## [PROPOSED] ORDER

IT IS SO ORDERED.

Dated: March __19__, 2007

*(signature)*
_____
HON. MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE