[~~EXHIBIT~~ B]

Alan R. Plutzik (State Bar No. 077785)
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

**Liaison Counsel for Lead Plaintiff**

Jeffrey S. Nobel *(Admitted Pro Hac Vice)*
Seth R. Klein *(Admitted Pro Hac Vice)*
SCHATZ NOBEL IZARD, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut 06103
Tel:    (860) 493-6292
Fax:    (860) 493-6290

**Lead Counsel for Lead Plaintiff**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FIRST VIRTUAL COMMUNICATIONS, INC. SECURITIES LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>) | Master File No. C-04- 3585 MJJ<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE |

This matter came on for hearing on __9/18/07__, 2007, upon the application of Lead

Counsel and counsel for the Defendants for approval of the Settlement set forth in the Stipulation

of Settlement, dated as of April 24, 2007 (the "Settlement Stipulation"). Due and adequate

notice having been given to the Settlement Class, and the Court having considered the Settlement

Stipulation, all papers filed and proceedings had herein and all objections and comments

received regarding the proposed settlement, and having reviewed the entire record in the Litigation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.       The Court, for purposes of this Final Judgment of Dismissal With Prejudice (the "Judgment"), adopts all defined terms set forth in the Settlement Stipulation and incorporates the terms of the Settlement Stipulation by reference herein.

2.       The Court has jurisdiction over the subject matter of the above-captioned Litigation (the "Litigation"), the Lead Plaintiff, the other Members of the Settlement Class, and the Defendants.

3.       The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action, Proof of Claim and Release, and publication of the Summary Notice of Proposed Settlement as provided for in the Order Preliminarily Approving Settlement and Approving the Form and Manner of Notice constituted the best notice practicable under the circumstances to apprise all Persons within the definition of the Settlement Class of the pendency of the Litigation and their rights in it, the terms of the proposed Settlement of the Litigation, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Settlement Stipulation. The Court finds that the provision of notice to Settlement Class Members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77u-4(a)(7), federal law, due process, the United States Constitution, and any other applicable law.

4.       The Court finds that all Persons within the definition of the Settlement Class have been adequately provided with an opportunity to remove themselves from the Settlement Class

by executing and returning a "request for exclusion" in conformance with the terms of the Settlement Stipulation and its exhibits.

5.     This Court has certified a Settlement Class of all persons (except Defendants, members of the immediate family of any Individual Defendant, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded party) who purchased First Virtual common stock during the period from March 29, 2004 through August 23, 2004, inclusive, excluding those persons (identified in Exhibit 1 hereto) who timely and validly requested exclusion from the Settlement Class.

6.     With respect to the Settlement Class, this Court finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and its counsel have, at all times, fairly and adequately represented and protected the interests of the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

7.     After hearing and based upon the submission of Lead Counsel, this Court hereby approves the Settlement, as set forth in the Stipulation, each of the releases, and other terms, as

fair, reasonable, and adequate to the Settlement Class and the Settlement Class Members. The Parties to the Settlement Stipulation are therefore hereby directed to consummate and perform its terms.

8.    Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Settlement Class, and as against the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation. By operation of the Judgment and under the terms of the Settlement Stipulation and the releases therein, it is intended to preclude, and shall preclude, the Lead Plaintiff and all other Settlement Class Members from filing or pursuing any Released Claims under federal law or the law of any state.

9.    Upon the Effective Date, the Lead Plaintiff shall release and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including "Unknown Claims") against each and all of the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

10.    Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Plaintiffs, the Settlement Class Members and all Plaintiffs' Counsel, from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, or resolution of the Litigation or the Released Claims.

11.     Upon the Effective Date, all Plaintiffs, the Settlement Class Members, and all Plaintiffs' Counsel shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Persons from all claims arising out of, relating to, or in connection with the defense, or resolution of the Litigation or the Released Claims.

12.     All Settlement Class Members are permanently barred and enjoined from instituting or prosecuting, in any capacity, any action or proceeding that involves or asserts any of the Released Claims.

13.     Only those Settlement Class Members filing valid and timely Proofs of Claim and Release shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim and Release to be executed by the Settlement Class Members shall further release all Released Claims against the Released Persons. All Settlement Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim and Release.

14.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) shall be offered in evidence by any Settling Party for any purpose except as provided in this ¶ 14. Released Persons may file the Stipulation and/or the Judgment from this Litigation in any other

action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction of any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties, their respective counsel or any other Member of the Settlement Class may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

15.     Only those Settlement Class Members who have validly filed Requests for Exclusion from the Settlement Class shall not be bound by this Final Judgment and Order of Dismissal. A list of the names of those Persons who are not bound by this Judgment is attached hereto as Exhibit 1.

16.     Without affecting the finality of this Judgment, the Court hereby reserves and retains exclusive and continuing jurisdiction over all matters relating to the administration and effectuation of the Settlement Stipulation and Settlement.

17.     Any order, or any objection to or appeal from any order, approving the Plan of Allocation, Fee and Expense Application, or the Lead Plaintiff's Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Final Judgment.

18.     The Court finds that the Lead Plaintiff and Defendants, and their respective counsel, have, at all times during the course of the Litigation, complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Court finds that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel, and under the supervision of the Mediator.

19.     It is expressly determined, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and the entry of this Judgment is hereby expressly directed.

Signed this __18th__ day of __September__, 2007.

                                        BY THE COURT

                                        _____
                                        HON. MARTIN J. JENKINS
                                        UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE - 7